**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Alexis Adrian GUZMAN–GONZALEZ,**
**Defendant–Appellant.**

**No. 04–11220.**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 13, 2006.

Charles William Brown, U.S. Attorney's Office, Northern District of Texas, Dallas, TX, for Plaintiff–Appellee.

Carlos R. Cardona, Assistant Federal Public Defender, Jason Douglas Hawkins, Federal Public Defender's Office, Northern District of Texas, Dallas, TX, for Defendant–Appellant.

Before KING, DeMOSS and PRADO, Circuit Judges.

PER CURIAM: *

Alexis Adrian Guzman–Gonzalez appeals his conviction of one charge of illegal reentry into the United States and the resulting sentence of 54 months in prison and a two-year term of supervised release. He first challenges the constitutionality of 8 U.S.C. § 1326(b). Guzman–Gonzalez's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Guzman–Gonzalez contends that *Almendarez–Torres* was in-

correctly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Guzman–Gonzalez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Guzman–Gonzalez also argues that his sentence should be vacated and remanded because the district court sentenced him under the mandatory Guidelines scheme held unconstitutional in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because the district court sentenced Guzman–Gonzalez under a mandatory Guidelines regime, it committed *Fanfan* error. *See United States v. Walters,* 418 F.3d 461, 463 (5th Cir.2005). When a *Fanfan* error "is preserved in the district court by an objection, we will ordinarily vacate the sentence and remand, unless we can say the error is harmless." *United States v. Mares,* 402 F.3d 511, 520 n. 9 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005).

The Government concedes that Guzman–Gonzalez's objection, which was grounded in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), was sufficient to preserve his *Fanfan* claim and that the harmless error standard of review applies. We conclude that the Government has not met its burden of showing beyond a reasonable doubt that the district court would have imposed the same sentence absent the error. *See United States v. Garza,* 429 F.3d 165, 170–71 (5th Cir.2005). We therefore vacate Guzman–Gonzalez's sentence and remand for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under